UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

WARREN L. WILLIAMS, )
                                  Plaintiff, )
                                        vs. ) No. 1:17-cv-03520-WTL-TAB
JOHN DOE sued in individual capacity, )
[Unknown officer at R.D.C.], )
                                  Defendant. )

**Entry Screening Complaint and Directing Service of Process**

**I. Background**

Plaintiff Warren Williams is a prisoner currently incarcerated at New Castle Correctional Facility. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II. Screening

The complaint is brought under 42 U.S.C. § 1983 and names a single defendant: Officer Strout (or Stout), a correctional officer at the Reception Diagnostic Center. Mr. Williams alleges that on November 15, 2016, Officer Strout (or Stout) knowingly caused a cell door to close and remain closed for a period of time on his right hand, causing severe pain and long term injuries.

Although Mr. Warren also alleges that he was deliberately denied necessary and adequate medical care after the injury, he does not list any medical providers who denied him treatment as defendants in the complaint. Dkt. No. 1, p. 1. A *pro se* litigant may choose who to sue and who not to sue, so the Court will not guess whether he wishes to bring claims against any other individuals discussed in the body of the complaint. In addition, any claims against the medical providers would belong in a different lawsuit. "Unrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Mr. Williams may file another lawsuit against individual medical providers after he has exhausted his administrative remedies, if he wishes to do so. He would incur an additional filing fee by filing another action.

The claim of deliberate indifference to Mr. Williams' health and safety brought against Officer Strout (or Stout) shall proceed as an Eighth Amendment claim. This is the only viable claim the Court discerns in the complaint.

If Mr. Williams believes that additional claims were alleged in the complaint but not identified by the Court, he shall have **through December 22, 2017,** in which to identify those claims.

### III. Service of Process

Given the foregoing, the Eighth Amendment claim **shall proceed against Officer Strout (or Stout).** The clerk is **designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendant Officer Strout (or Stout) in the manner specified by *Fed. R. Civ. P.* 4(d). Process shall consist of the complaint filed on October 2, 2017 (docket 1), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

The clerk shall **modify the docket** to show **Officer Strout (or Stout)** as the defendant.

**IT IS SO ORDERED.**

Date: 12/4/17

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

WARREN L. WILLIAMS
233434
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Electronic service to:

Officer Strout (or Stout)
    At Reception Diagnostic Center

**NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**